Bv the Court.
Bosworth, J.
—This action comes before the Court, on an appeal from the judgment only. The appeal, therefore, presents only questions of law for our consideration.
Evidence, of conversations between the agent of the defendants and West, was properly admitted, after it had been proved that the agent had been referred by the insured to West, as the person who would settle the whole matter.
It was competent to prove on what day the vessel sailed from Mobile to Honduras, as the policy was to be canceled from the date of such sailing, if there was in fact an agreement for cancelling it. *
It is not denied that the charge presented to the jury, the only question of fact necessary or proper to be considered or determined. That was whether the plaintiff’s assignor had consented to the cancelling of the policy, either in person or by any one who was authorized to act for him.
But it is insisted the Court erred in not instructing the jury *155 that, the defendants had no right to charge an extra premium from Mobile to Honduras. The Court was requested to so charge, but declined for the reason, stated at the time to the jury, “that the case did not involve any such question.”
No, such allegation was contained in the answer, and the bill of exceptions does not show that the counsel for the defendants insisted before the jury, that the defendants had any such right.
A new trial cannot be granted for such a cause, unless it be true that it is the duty of the Court, to charge upon every abstract proposition contained in any request that may be made, although it does not appear that any such proposition was urged to the jury-
The jury were instructed, that the only question was that of the actual consent of the insured, to the cancelling of the policy. And when requested to charge that the defendants had no right to require an extra premium, the Court in effect said, that was a question with which the jury had nothing to do, that the case did not involve any such question.
The jury must have understood that they were not to consider any such question, and that it must be wholly dismissed from their consideration.
To make it error to refuse to affirm or negative, directly, a particular proposition, which the Court is requested to declare, when the determination of it, either the one way or the other, can have no natural influence upon the decision of any issue of fact made by the pleadings, or upon the rights of the parties upon any state of facts the jury can find, and that too when the jury are instructed that no such question arises in the case; it should at least appear by the bill of exceptions that such a proposition has been argued to the jury, and that justice requires the Court to instruct the jury in relation to it.
The reason assigned for refusing to charge the jury as requested, imports that the subject matter of the request had not been pressed upon their consideration.
The defense to the action was placed by the answer upon the fact of an actual consent to cancelling the policy, and not upon a right based upon any clause or provision in the policy.
And it does not appear that the jury were urged, to find the more readily that such consent was given, because the company *156 had a right to insist upon an increased premium being paid. There is nothing in the terms of the policy which furnishes any grounds for such a pretense, and nothing in the case to show that any such ground was taken at the trial. Under such circumstances, we think, the judge, at the trial, when he stated to the jury that no such question was in the case, as that of the right of the defendants 'to make such a charge, stated enough to advise the jury that no such question could be properly considered by them, and that no error was committed in not directly affirming the truth of the proposition contained in the request.
We cannot enter into a consideration of the evidence, on this appeal, nor dispose of the questions of law, influenced by any views by which we might be governed on a' motion for a new trial on a case.
We do not understand the judge to have ruled, at the trial (as the plaintiff’s counsel now argues that he did), that evidence that the defendants charged an extra rate for a voyage from Mobile to Honduras was admissible. Ho such objection was taken. The judge, on the plaintiff’s objection, at one stage of the cause, excluded evidence that the defendants were notified of Lane, West & Go’s, intention to send the vessel on a voyage from Mobile to Honduras. But when enough had been subsequently proved to justify the inference that it had been agreed to cancel the policy from the date she sailed on such a voyage, he allowed evidence to be given of the time she so sailed. It was to the admission of that evidence that the plaintiff excepted.
What was said as to charging an extra premium, from Mobile to Honduras, is contained in the evidence given after the defendants had rested, and was given without objection. It formed no part of the conversations of which the plaintiff had given evidence, but was part of a conversation between Lane and the insured, at a time when no officer of the company was present, and of which, there was no attempt to prove, that any officer of the company had ever heard.
We think none of the exceptions are well taken. This being an appeal from the judgment only, we cannot enter into a consideration of the evidence, nor be influenced by any of the considerations which would be applicable to a motion for a new trial on a case.
Judgment affirmed.

 Although the question objected to was, according to the case as settled; “When did the company learn of the sailing of the vessel from Mobile to Honduras”? it is evident from the answer given, (to which no exception was taken or objection made,) and from the respondents’ points, and from the absence of any suggestion to the contrary in the points of the appellant, that the object of the inquiry was to ascertain on what day she in fact sailed. The appellant does not suggest, either in his points, or by anything said on the argument of the appeal; that he could, by any possibility, have been prejudiced in any way, by the answer given. When the Company ascertained the day on which she sailed, seems, in itself, to he wholly immaterial. When she did sail, might be very material, if it should be made a question whether the loss occurred before or after that event. It was competent to prove on what day she did sail; and as it.was not pretended nor suggested that she did not sail on the 21st of. May, the question in connection with the answer given to it, could not possibly have prejudiced the plaintiff, and we do not understand his counsel to now insist that it did.”